Curia, per
Wardlaw, J.
The practice of the English courts prescribes certain formalities, as essential to perfect the render by bail, which, in the Common Pleas, are more simple than in the King’s Bench. See Sellon’s Practice, 165. Of these formalities, the comitlitur of a judge is expressly dispensed with by our Act of 1809; and the circumstance that, with us, the bail bond is by statute, converted, in effect, into a bail piece; and is kept by the sheriff, whose duty it is to receive the body, makes, by implication, other changes in the prescribed formalities.
It is not now intended to lay down a rule which shall hereafter be conformed to, nor to decide whether notice to the plaintiff’s attorney is, as in England, necessary to perfect the render,; nor whether, as there, the bail remains bound until an exoneretur be entered. Sufficient here it is to say, that the render must be by some distinct, unequivocal act, accompanied by such declarations or acknowledgments as shew its purpose, and the case or cases to which it applies, and guarded by the means of clear proof, so that the sheriff may be surely liable if he should permit an escape, and may be protected in detaining the principal rendered, until a lawful discharge be had. If a principal rendered should, under our Act of 1839, give new bail in the case distinctly mentioned to the sheriff, it would be dangerous and unjust to compel the sheriff, at his hazard, to decide whether or no, such principal should yet be de *121 tained on account of some other process vaguely hinted at by the bail, but not specified in such way as to exclude the chance of the bail himself afterwards, as a witness in an action by the principal against the sheriff for false imprisonment, explaining that his words were not meant to embrace such other process.
If, here, the requirements of the law to constitute a render in the case alleged, had been explained to the jury, their finding might be held to ascertain that all was done that was necessary, but as the case was submitted, the finding seems only to shew that the body was in the custody of the sheriff. In what cases, and for what purpose, are left uncertain.
The motion for a new trial is granted.
Richardson, O’Neall, Evans, and Butler JJ. concurred.